NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DAVID CARTAGENA, | : | Civil No. 12-4409 (RBK) |
| | : | |
| Plaintiffs, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| CAMDEN CTY CORREC. FAC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

    DAVID CARTAGENA, Plaintiff Pro Se
    328 Chester Avenue
    Belmawr, NJ  08031

**KUGLER, District Judge**:

    David Cartagena seeks to file a Complaint asserting violation of his constitutional rights under 42 U.S.C. § 1983 without prepayment of the filing fee.  This Court will grant his application to proceed in forma pauperis and direct the Clerk to file the Complaint.  Having screened the Complaint, as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction.

**I.  BACKGROUND**

    Cartagena brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Camden County Correctional Facility.  He asserts the following facts:

    I was transferred to Camden County Jail on January 9, 2012.  I had to wait until the next day, January 10, 2012 to go in a room for up to 7 days until I was classified to a unit.  I then went to the third floor, the south side, C-Block.  I then was on the floor sleeping until I was bailed out February 27, 2012.  I then came

>back to Camden County Jail May 25, 2012 for sentencing day. I finally made it to the third floor, North side, D-Block on June 1, 2012. I had to sleep on the floor for a week. On June 9, 2012 I switched to a room that had an available bed and been there ever since. I think my rights were violated by me having to sleep on the floor with four people in a two man cell. Especially with a herniated disk in my lower back and a herniated disk in my neck. The nurse knew I had problems. [My] jail identification card even said that I was supposed to be on a bed. Plus it is inhuman to sleep on the floor of a two man cell. Plus on June 3, 2012 I caught a sore throat that lasted two weeks. I was given antibiotics that helped me out.

(Dkt. 1 at 7.)

For relief, Cartagena seeks monetary damages. (Dkt. 1 at 8.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 677. Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights. Id.; see also Bistrian v. Levy, __ F.3d __, 2012 WL 4335958 *8

2

(3d Cir. Sept. 24, 2012) ("The touchstone of the pleading standard is plausibility"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The problem with Cartagena's constitutional conditions of confinement claim is that the sole defendant is Camden County Correctional Facility, and a correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983 for violation of constitutional rights.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989).  Because the Complaint names only one defendant and that defendant is not subject to suit for

constitutional violations under § 1983, the Complaint fails to state a plausible claim for relief and must be dismissed on that basis.

Alternatively, this Court will construe the defendant to be the County of Camden, a local government entity which is subject to suit under § 1983.  See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978).  But "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978).  To state a § 1983 claim against a municipality, the complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  Because Cartagena does not allege facts showing that his constitutional injury - sleeping on the floor for weeks - was caused by a specific policy of Camden County, the Complaint fails to state a claim under § 1983 against Camden County. Accordingly, this Court will dismiss the Complaint.

Where a District Court dismisses a complaint, it generally grants leave to correct deficiencies in the complaint by amendment, unless amendment of the complaint would be futile. See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  In this Complaint, Cartagena asserts that his

constitutional rights were violated when he slept on the floor while he was confined at Camden County Correctional Facility as a pretrial detainee from January 9, 2012, through February 27, 2012, and from June 1, 2012, through June 9, 2012.  The Fourteenth Amendment prohibits punishment of a pretrial detainee without due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979) (Pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law").  However, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540.  The Fourteenth Amendment standard of unconstitutional punishment contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 . . . (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 . . . . The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

Stevenson, 495 F. 3d at 68.

Objectively, under the Due Process Clause, as well as the Eighth Amendment, prison officials must satisfy persons' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  A detainee seeking to show unconstitutional conditions of confinement must clear a "high bar" by demonstrating

"*extreme* deprivations." Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (citation and internal quotation marks omitted). To satisfy the objective component, a pretrial detainee must allege facts showing that he or she was subjected to genuine privation and hardship over an extended period of time. See Bell, 441 U.S. at 542 (confining pretrial detainees "in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment"); Hutto v. Finney, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").

In this case, even if Cartagena were to amend the complaint to name the person or persons who caused the allegedly unconstitutional conditions he endured while confined at Camden County Correctional Facility, the amended complaint would not state a claim under the Fourteenth Amendment and § 1983. Cartagena does not assert that he was denied a basic human need and, while his allegations indicate that he was subjected to the discomfort of sleeping on the floor for weeks, they do not show that he endured genuine privations and hardship over an extended period of time. See Hubbard v. Taylor, 538 F. 3d 229, 235 (3d Cir. 2008) (holding that triple celling of pretrial detainees and use of floor mattresses did not violate due process because the inmates "were not subjected to genuine privations and hardship over an extended period of time") . Because the conditions he endured at Camden County Correctional Facility were not sufficiently serious to satisfy the objective element of a constitutional conditions of confinement claim, amendment of the Complaint to name the proper defendant(s) would be futile.

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); <u>Growth Horizons, Inc. v. Delaware County, Pennsylvania</u>, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>, dismiss the federal claims raised in the Complaint, and decline to exercise supplemental jurisdiction.

                                                 s/Robert B. Kugler
                                                 **ROBERT B. KUGLER, U.S.D.J.**

Dated:     October 17    , 2012